BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>KEITH RAMON MAYFIELD, *et al.*,<br><br>        Defendants. | No. CR 15-00290 PJH<br><br>STIPULATION REGARDING REQUEST FOR: (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>Current Hearing Date:    September 27, 2017<br>Proposed Hearing Date:  November 15, 2017 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendants, by and through their individual counsel of record, hereby stipulate as follows:

1.      On May 28, 2015, a federal grand jury returned an indictment against defendants Keith Ramon Mayfield; Kenneth Wayne Fleming, Jr.; Michael Herb Videau; Donald Ray Holland, II; Brandon Jerrod Davillier; Major Alexander Session, III; Clyde Barry Jamerson, Jr.; Travon Jahmal

Franzwa Baker; Laticia Ann Morris; Kameron Kordero Eldridge Davis; Ronnell Lamarr Molton; Francisco Manuel Carrasco; and Sophia Cherise West, alleging that they committed various offenses relating to narcotics trafficking, the violation of airport security requirements, and conspiracy to commit those offenses, in violation of 18 U.S.C. § 371, 49 U.S.C. § 46314(a), and 21 U.S.C. §§ 846, 841(a)(1).

2.      Defendants Session, Baker, West, Davis, Davillier, Molton, Jamerson, Videau, and Holland have pleaded guilty and have been sentenced. Defendant Fleming is scheduled to be arraigned on a superseding information and plead guilty pursuant to plea agreement. Thus, only defendants Mayfield and Carrasco remain. Both remaining defendants are currently free on pretrial release.

3.      A trial setting hearing is currently scheduled in this matter at 2:30 p.m. on Wednesday, September 27, 2017. For the reasons set forth below, the parties jointly stipulate and request that this hearing be continued to Wednesday, November 15, 2017, for a motions and trial setting hearing and that time be excluded from September 27, 2017, to November 15, 2017, for effective preparation of counsel under the Speedy Trial Act.

4.      Government counsel is presently scheduled to be out of the district on work-related travel on September 27, 2017. Also, defendants and their counsel require additional time to review the recently produced discovery, including over 20,000 text messages that were recently produced.

5.      In addition, the government has produced, and is continuing to produce, voluminous amounts of discovery in this case. In fact, the government has produced approximately 11,000 pages of discovery including criminal history documents, federal and local law enforcement reports, financial records, photographs, and travel and flight-related business records.

6.      Counsel for defendants represent that they require additional time to review and analyze the discovery, meet with their clients, and discuss the case with their clients. Counsel for defendants also represent that they will need additional time to conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the potential evidence in the case, and prepare for trial in the event that a pretrial

resolution does not occur.  Counsel for defendants also represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Counsel for defendants agree that the requested exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.  Thus, the time period of September 27, 2017, through November 15, 2017, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv).

7. Counsel for defendants represent that they have fully informed their clients of their Speedy Trial rights and that, to their knowledge, their clients understand those rights and agree to waive them.  Defendants' counsel further believes that their clients' decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 22, 2017

BRIAN J. STRETCH
United States Attorney

_____/S/  *Garth Hire*_____
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

*/S/  via e-mail authorization*_____
ROBERT WAGGENER
Attorney for Defendant
Keith Ramon Mayfield

9/22/2017
_____
Date

3

| | |
|---|---|
| _/S/ via e-mail authorization_ | 9/22/2017 |
| ADAM GASNER | Date |
| Attorney for Defendant | |
| Francisco Manuel Carrasco | |

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for Continuance of Hearing Date and Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants and the government continuity of counsel and would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The trial setting hearing presently scheduled for September 27, 2017, is continued to 2:30 p.m. on November 15, 2017, for a motions and trial setting hearing. The time period of September 27, 2017, to November 15, 2017, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv), as to defendants Mayfield and Carrasco. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.


  September 22, 2017
_____
DATE

_____
HONORABLE PHYLLIS J. HAMILTON
CHIEF UNITED STATES DISTRICT JUDGE

5