ROBERT WAGGENER - SBN - 118450
214 DUBOCE AVENUE
SAN FRANCISCO, CA 94103
Phone:        (415) 431-4500
Fax:           (415) 255-8631
E-Mail:       rwlaw@mindspring.com

Attorney for Defendant KEITH MAYFIELD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No.  15 CR 00290-001 PJH |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COMPASSIONATE RELEASE SENTENCE MODIFICATION UNDER 18 U.S.C.§3582** |
| v. | |
| KEITH MAYFIELD, | |
| Defendant. | |
| _____/ | Date:   TBD<br>Time:   TBD<br>Judge:  Honorable Judge Phyllis J. Hamilton |

**TO:     THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF
CALIFORNIA; ASSISTANT UNITED STATES ATTORNEY GARTH HIRE;
AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, at a date and time convenient to the Court for a telephonic

hearing, defendant Keith Mayfield will and hereby does move the Court for an order for his

immediate release from custody from the Atwater Bureau of Prisons facility and placement on

residential home confinement to complete the remainder of his sentence. This motion

is based on 18 U.S.C. §3582, the below memorandum of points and authorities,  the

accompanying declaration of counsel, exhibits, and attachments, the records and files in

this case, and upon such evidence and argument as may be presented at the hearing of the

///

DEFENDANT MAYFIELD'S MOTION
FOR COMPASSIONATE RELEASE SENTENCE
MODIFICATION UNDER 18 U.S.C. §3582

1  motion. Due to the urgency of this request, Mr. Mayfield requests a hearing at the Court's earliest

2  convenience.

3

4

5  Dated: August 28, 2020                              Respectfully submitted,

6                                                      /s/ *Robert Waggener*

7                                                      _____
                                                       Robert Waggener
8                                                      Attorney for Keith Mayfield

9

10              **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **1.    INTRODUCTION**

12          Mr. Mayfield is serving his 30 month sentence at the minimum security camp

13  adjacent to the Atwater USP Bureau of Prisons facility in Merced County, California. He

14  self surrendered to the facility on August 19, 2019, and has now been is custody there for

15  a shade over a year. (ECF No. 570) His projected release date is September 22, 2021, so

16  he is just shy of having served fifty percent of his sentence, and is about three weeks

17  away from being one year away from satisfying his sentence.

18          As reported on the Bureau of Prisons website, the number of inmates at the

19  Atwater USP location with completed COVID-19 tests is 183. The number of inmates

20  with pending tests is 25, and the number of inmates with positive tests is 5. [1] There are

21  currently a total of 1029 inmates at the Atwater facility. [2] From the raw mathematics it is

22  clear that only a small percentage of Atwater inmates are actually being tested. Mr.

23  Mayfield has not been tested for COVID-19 despite his requests to be tested, apparently

24

25

26  _____

27  [1] https://www.bop.gov/coronavirus/

28  [2] https://www.bop.gov/locations/institutions/atw/

**DEFENDANT MAYFIELD'S MOTION
FOR COMPASSIONATE RELEASE SENTENCE
MODIFICATION UNDER 18 U.S.C. §3582**

2

1   because he was asymptomatic. See, Declaration of Counsel. The Bureau of Prisons as a

2   whole, and Atwater USP in particular, have implemented modified operations that restrict

3   movement, visitation, education, and training. Those restrictions include practical

4   consequences for Mr. Mayfield in that he has not been brought outside for necessary

5   medical procedures not available within the walls of the prison, and his family has not

6   been able to see him since March.

7        Beyond the inherent dangers of contracting the COVID-19 virus by being in the

8   confined environment of a prison facility, Mr. Mayfield is particularly vulnerable and

9   suffering because he has undiagnosed and untreated shoulder and chest injuries, and a

10  respiratory condition.  Mr. Mayfield has  painful shoulder and chest condition resulting in

11  numbness down his arms and body, and difficulty breathing, that is not being properly

12  treated or evaluated. Due to COVID-19 restrictions, though the medical staff knows that

13  Mr. Mayfield needs an MRI on his neck, shoulder and chest, it is not being done. The

14  ailments are untreated because the Bureau of Prisons medical staff is incapable of fully

15  assessing the medical conditions at the Atwater facility, and movement and transfer

16  restrictions are apparently preventing the staff from having Mr. Mayfield evaluated and/or

17  treated outside the facility.If Mr. Mayfield is released, not only will he be safer, but he

18  has the means and resources to obtain the necessary medical attention to evaluate and

19  treat his afflictions. Mr. Mayfield should not remain in a facility where his medical

20  condition is allowed to deteriorate and that may serve to hasten his demise. The Court

21  should order his release from prison and allow him to serve the remainder of his sentence

22  by means of residential home confinement.

23  **2.     BACKGROUND AND HISTORY**

24       Mr. Mayfield entered pleas of guilty to felony Counts 1 through 3 of a Superseding

25  Information, charging him with 21 U.S.C. §§ 846 & 841(b)(1)(B)(vii) - Conspiracy to

26  Distribute, and to Possess with Intent to Distribute, Marijuana (Count 1); 49 U.S.C. §§ 46314(a)

27  & (b)(2) - Entering an Airport in Violation of Security Requirements (Count 2); and 18 U.S.C. §

28

**DEFENDANT MAYFIELD'S MOTION**
**FOR COMPASSIONATE RELEASE SENTENCE**
**MODIFICATION UNDER 18 U.S.C. §3582**

1956(h) - Conspiracy to Launder Money (Count 3). On May 1, 2019, Mr. Mayfield was sentenced to a term of 30 months in prison, all counts to be served concurrently, followed by 4 years of supervised release.  ECF No. 80. Mr. Mayfield was allowed to self surrender, and at the end of the summer on August 19, 2019 he surrendered at the facility to which he was designated by the Bureau of Prisons, USP Atwater. He has been there ever since.

      The case against Mr. Mayfield and his co-defendants was originally filed in May of 2015. Mr. Mayfield was released from custody later that month after posting a property bond on his house and sureties stepping forward to sign a bond. The essential allegation against Mr. Mayfield was that, while employed as a baggage handler for Southwest Airlines at the Oakland Airport, over a lengthy period he violated security regulations and facilitated the illegal transportation of packages of marijuana in the passenger compartment of airplanes by various couriers.

      While his case was pending Mr. Mayfield was monitored by United States Pretrial Services and was entirely compliant with his release conditions. Mr. Mayfield was steadily employed, and was a supporting, responsible husband and parent for his wife and five children. Mr. Mayfield is now 40 years old and has no prior criminal history. He is a life long resident of Oakland, California.

      As detailed in the declaration of counsel and attached exhibits, Mr. Mayfield presently suffers from a painful untreated shoulder injury, and an undiagnosed chest pain condition that is affecting his ability to breathe that may be a respiratory illness. Four months ago, doctors at Atwater realized that further research was necessary and recommended that an MRI be conducted  to diagnose and properly treat his two ailments. That MRI testing has not been conducted because of the COVID-19 restrictions and he continues to suffer because of his painful undiagnosed medical conditions. Although pursuant to the Second Chance Act Mr. Mayfield is technically eligible to be released to community confinement one year before his scheduled release (September 22, 2020),

**DEFENDANT MAYFIELD'S MOTION**
**FOR COMPASSIONATE RELEASE SENTENCE**
**MODIFICATION UNDER 18 U.S.C. §3582**

1   officials at Atwater are recommending a transition to community confinement only 90

2   days before his release.

3   **3.   MR. MAYFIELD SHOULD BE ORDERED RELEASED FROM THE ATWATER PRISON FACILITY**

4

**I. Legal Standard**

5

6           With the present extraordinary and urgent circumstances, Mr. Mayfield should be

7   released from Atwater immediately. Under the First Step Act, courts may reduce a previously

8   imposed sentence where "extraordinary and compelling reasons warrant such a reduction" and

9   where "the defendant has fully exhausted all administrative rights" to seek release through the

10  Bureau of Prisons. 18 U.S.C. § 3852(c). By seeking administrative relief well over 30 days ago,

11  Mr. Mayfield  has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A).  In

12  determining whether release is warranted, courts are to consider "the factors set forth in section

13  3553(a) to the extent that they are applicable." Id. Sentence reduction must be "consistent with

14  applicable policy statements issued by the Sentencing Commission." Id.

**II. Determination of the Appropriate Sentence**

15

16           **A. Title 18 U.S.C. §3553(a)**

17           According to Title 18 §3553(a), the Court shall impose a sentence "sufficient but not

18  greater than necessary …

19           (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide

20  just punishment for the offense;

21           (B) to afford adequate deterrence to criminal conduct;

22           (C) to protect the public from further crimes of the defendant;

23           (D) to provide the defendant with needed educational or vocational training, medical care,

    or other medical treatment in the most effective manner; …

24

25  Section 3553(a) also indicates that the Court should consider, among other things, the applicable

26  Guidelines range for the offense of conviction. However, although the Court is required

27  to consider the Guidelines calculations, those Guidelines carry no presumption of reasonableness,

28  and a sentence outside the Guidelines carries no presumption of unreasonableness. *Gall v. United*

1  *State*s, 552 U.S. 38 (2007); *Irizarry v. United States*, 553 U.S. 708 (2008). Rather, the Court

2  should consider all of the 18 U.S.C. §3553(a) factors along with the Guidelines in deciding on

3  the appropriate sentence.  The guideline range was high in this case, but due to sentencing

4  disparity issues and significant 3553 factors that still exist, the Court departed downward and

5  imposed the highest sentence for any defendant in the case, 30 months imprisonment. Mr.

6  Mayfield's medical conditions, the dangers of the COVID-19 virus and its resulting harsher

7  conditions of confinement,  and Mr. Mayfield's  remaining imprisonment of a little more  than 12

8  months provide ample reason for the Court to commute the remainder of the sentence to house

9  arrest, or even time served.

10                          **1. The Nature and Circumstances of the Offense**

11          Mr. Mayfield is in prison for a non-violent offense and has no history of violence. He is

12  not a danger to the safety of any other person or the community. There is no question that Mr.

13  Mayfield committed serious crimes that put the community at risk through the violation of

14  airport security rules and the transfer of large amounts of marijuana around the country. For good

15  reason, he no longer works as a baggage handler and is restricted from seeking employment with

16  any commercial air carrier or airport. He has demonstrated his ability to comply with release

17  restrictions, and productively move on with his life.

18                          **2. The History and Characteristics of the Defendant\**

19          Mr. Mayfield has no prior criminal record. He has a solid history of employment and by

20  all accounts he is a good husband and father to his five young children. He has a large

21  community of support to shepherd him along his way to being a solid citizen. On his nearly four

22  years of pretrial release before resolving his case he was entirely compliant with his release

23  conditions, and honored the Court's trust by voluntarily surrendering at the prison doors as

24  ordered at his sentencing. In prison he has taken steps to improve himself, including completing a

25  Non-Residential Substance Abuse Counseling Program. It is submitted that he has a low risk of

26  recidivism. Mr. Mayfield desperately wants to get back to raising his kids and making up for the

27  lost time that he foolishly squandered by earning a prison sentence.

28  **DEFENDANT MAYFIELD'S MOTION**
    **FOR COMPASSIONATE RELEASE SENTENCE**
    **MODIFICATION UNDER 18 U.S.C. §3582**
                                      6

**3. The Need to Afford Adequate Deterrence and Protect the Public from Further Crimes of the Defendant**

Mr. Mayfield's time at Atwater is the first time he has ever spent time in a jail cell. It is a powerful lesson and a powerful deterrent to further criminal behavior. The time he has he has spent at Atwater was made all the worse by the pandemic. Not only is he at risk and unable to see his family, but he is not able to be present to protect and support his family members.

**4. The Need to Provide the Defendant with Proper Medical Care, Educational or Vocational Training**

Mr. Mayfield is not receiving proper medical care at Atwater. He needs to have an MRI to diagnose and treat his painful maladies, and that is not happening due to the practical health restrictions imposed by the Bureau of Prisons attendant to the COVID-19 virus dangers. Mr. Mayfield has asthma making him more vulnerable to virus, and it is very clear that officials at Atwater are only testing a small percentage of the inmates at their facility. Educational or vocational training at the prison is now shut down or extremely limited because of the virus. The reality is that he is simply being warehoused in the type of confined environment known to be a hotbed for the spread of the virus. If released and placed on home confinement he could obtain the medical care he needs, and certainly pursue the educational and vocational training that is now not available to him at Atwater.

**B. There are Extraordinary and Compelling Reasons to Release or Drastically Reduce Mr. Mayfield's Sentence Pursuant to 18 USC §3582**

"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent they are applicable," a court may grant a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also *Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after *United States v. Booker*, 543 U.S. 220 (2005)). The Sentencing Commission has set forth threshold requirements and defined "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(2). First, the Sentencing

1    Commission requires the Court to find "[t]he defendant is not a danger to the safety of any other

2    person or the community, as provided in 18 U.S.C. § 3142(g)." Id. Second, the application notes

3    to U.S.S.G. § 1B1.13 enumerate five circumstances that establish "extraordinary and compelling

4    reasons" to reduce a defendant's sentence.

5          The first two relate to the defendant's medical condition. The "extraordinary and

6    compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness

7    (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.

8    n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or

9    cognitive impairment, or . . . deteriorating physical or mental health because of the aging

10   process . . . that substantially diminishes the ability of the defendant to provide self-care within

11   the environment of a correctional facility and from which he or she is not expected to recover."

12   Id. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and

13   compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious

14   deterioration in physical or mental health because of the aging process; and (iii) has served at

15   least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13

16   cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse

17   or registered partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all

18   provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the

19   defendant's case an extraordinary and compelling reason other than, or in combination with, the

20   reasons described in subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D). Defendant

21   Mayfield is asking to be released based on this last catch-all provision, in combination with his

22   family circumstances.

23         First of all, it is indisputable that Mr. Mayfield has exhausted his administrative remedies.

24   Mr. Mayfield's medical issues and lack of access to necessary testing, assessment and

25   treatment are submitted to constitute extraordinary and compelling reasons to justify his

26   release. It is also relevant and compelling that his family needs him. He has five young

27   children who have to be home-schooled and protected. Mr. Mayfield is not necessarily

28

**DEFENDANT MAYFIELD'S MOTION**
**FOR COMPASSIONATE RELEASE SENTENCE**
**MODIFICATION UNDER 18 U.S.C. §3582**

1  asking for a reduction in his sentence, just an opportunity to serve out the remainder of

2  his sentence in the regularly available circumstances of community confinement. The

3  decision by Atwater/BOP officials to only make Mr. Mayfield eligible for community

4  confinement 90 days from his release date is submitted to be unjustified and unreasonable

5  under the existing circumstances. Mr. Mayfield is only a year and a matter of days from

6  his release date, and he should be ordered out of prison now. There is no good

7  reason to keep him in heightened danger to his health and without adequate medical treatment for

8  another approximately nine months, at which point he might go to a halfway house.

9  **CONCLUSION**

10         For the foregoing reasons, Mr. Mayfield respectfully requests that the Court order his

11  immediate release from BOP custody and commute the remainder of his sentence to

12  electronically monitored home confinement.   He poses no significant risk to his community

13  and is exactly the type of prisoner who should be released to ease overcrowding and the

14  threats to his health due to the COVID-19 virus.

15

16

17  DATED: August 28, 2020                              Respectfully submitted,

18

19                                                      */s/ Robert Waggener*
                                                        _____
20                                                      Robert Waggener
                                                        Attorney for Keith Mayfield

21

22

23

24

25

26

27

28  **DEFENDANT MAYFIELD'S MOTION**
    **FOR COMPASSIONATE RELEASE SENTENCE**
    **MODIFICATION UNDER 18 U.S.C. §3582**
                                           9