UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

KEITH RAMON MAYFIELD,

Defendant.

Case No. 15-cr-00290-PJH-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Re: Dkt. No. 586

Upon motion of [X] the defendant [ ] the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

[ ] Time served.

If the defendant's sentence is reduced to time served:

[ ]   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ]     There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ]  probation or [ ] supervised release of         months (not to exceed the unserved portion of the original term of imprisonment).

   [ ]  The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ]   The conditions of the "special term" of supervision are as follows:

[ ]   The defendant's previously imposed conditions of supervised release are unchanged.

[ ]   The defendant's previously imposed conditions of supervised release are modified as follows:

B.  [ ]  **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C.  [X]  **DENIED** after complete review of the motion on the merits, **WITH LEAVE TO FILE A SECOND MOTION FOR COMPASSIONATE RELEASE ON LIMITED GROUNDS.**

D.  [X]  **FACTORS CONSIDERED (Optional)** for Denial of Motion on the merits

   (1) The court notes that defendant's requests for home confinement to the BOP did not seek release on the ground of compassionate release in light of health concerns due to the COVID-19 pandemic.  Waggener Decl., Ex. C.  The government waived its objection to the failure to exhaust administrative remedies, and the court proceeds on the merits of the represented motion for reduction of sentence on compassionate release grounds.

   (2) **No Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by the United States Sentencing Commission in U.S.S.G. § 1B1.13.**
      The government concedes for purposes of this motion that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition—in combination with the likelihood that a defendant may contract COVID-19 while incarcerated and suffer severe symptoms as a result—may constitute a "serious" medical condition "from which [the defendant] is not expected to recover," which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  Opp. at 6 (citing USSG § 1B1.13 cmt. n.1(A)(ii)(I)).  Here, defendant does not present evidence of having comorbidities or medical conditions that are identified by the CDC as risk factors for

3

    COVID-19 complications.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Sept. 11, 2020). Defendant's past history of asthma does not show a present condition of "moderate to severe" asthma that would put him at heightened risk of severe illness related to COVID-19.

    Defendant's other known medical conditions, including shoulder and upper chest pain and shortness of breath, have been treated during his incarceration with medications.  Counsel for defendant explains that while an MRI of the cervical spine was recently taken on September 10, 2020, which diagnosed defendant with bursitis of the shoulder, cervical disc disorder, and unspecified osteoarthritis, a second MRI of his chest that was recommended by prison medical staff to diagnose potential respiratory illness has not yet been authorized.  Reply at 2.  *See* Opp. at 2 n.1.  If a respiratory illness were identified as the source of defendant's chest pains and shortness of breath, such a medical condition may support an extraordinary and compelling reason to warrant compassionate release, but the medical diagnosis is speculative at this juncture.

    On the present record, because the BOP prison medical staff has recommended an MRI procedure, which is awaiting authorization, defendant has not demonstrated that he suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within a correctional environment, from which he is not expected to recover, to demonstrate extraordinary and compelling reasons to warrant compassionate release.  18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 cmt. n.1(A).  If, however, upon further investigation the parties determine that the BOP denies authorization for an MRI of the chest or denies further treatment for defendant's respiratory symptoms, the court GRANTS LEAVE TO FILE A SECOND MOTION FOR COMPASSIONATE RELEASE, if warranted, on the sole ground that the concerns about a potential respiratory illness identified by BOP prison medical staff has been left undiagnosed and/or untreated, in combination with a showing of a heightened risk of contracting COVID-19 and suffering severe complications while incarcerated.

(3) Defendant's request to order release to home confinement to serve the remainder of his time in custody is denied on the ground that the court has no authority to designate the place of confinement.  The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence."  *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).

(4)  **Applicable 18 U.S.C. 3553(a) Factors**

☒ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
    ☐ Mens Rea  ☐ Extreme Conduct     ☐ Dismissed/Uncharged Conduct
    ☐ Role in the Offense                    ☐ Victim Impact

☒ *Specific considerations:* defendant was engaged in a drug smuggling conspiracy and handled bags containing marijuana in violation of airport security requirements

☒ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
- ☐ Aberrant Behavior
- ☐ Age
- ☐ Charitable Service/Good Works
- ☐ Community Ties
- ☐ Diminished Capacity
- ☐ Drug or Alcohol Dependence
- ☐ Employment Record
- ☐ Family Ties and Responsibilities
- ☐ Lack of Youthful Guidance
- ☐ Mental and Emotional Condition
- ☐ Military Service
- ☐ Non-Violent Offender
- ☐ Physical Condition
- ☐ Pre-sentence Rehabilitation
- ☐ Remorse/Lack of Remorse
- ☒ Other: *(Specify)*: Defendant abused his privileges as an airline employee to bypass airport security and avoid screening and detection of drugs at the airport.

☐ Issues with Criminal History: *(Specify)*

☒ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*

☒ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*

☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*

☒ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*: the parties' representations demonstrate that defendant has continued to receive medical care for his current conditions, including shoulder and upper chest pain. On this record, the need to provide effective medical care under § 3553(a)(2)(D) does not weigh in favor of a reduction in sentence.

☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

☒ To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6))* *(Specify)*: the court sentenced defendant to a below-guideline sentence of 30 months, though it was still the highest sentence imposed among the defendants charged and convicted in the conspiracy to distribute, and possess with intent to distribute, marijuana, to reflect defendant's abuse of his position of trust as an airline baggage handler. A reduction of defendant's prison term to 12 months of time served would result in sentencing disparities with respect to other defendants in this case as well as defendants charged and sentenced for similar crimes under the Sentencing Guidelines.

☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

☐ *Specific considerations*: need for the sentence to deter airline employees and other airport insiders from abusing their security clearance privileges for criminal purposes

**E. [ ] DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: October 5, 2020

/s/ *Phyllis J. Hamilton*
Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE