UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-cr-00290-PJH-1 |
| Plaintiff/Respondent, | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| v. | (COMPASSIONATE RELEASE) |
| KEITH RAMON MAYFIELD, | Re: Dkt. No. 602 |
| Defendant/Movant. | |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

A. **[X] GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

[X] Time served.

If the defendant's sentence is reduced to time served:

[ ] This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[X] There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release of         months (not to exceed the unserved portion of the original term of imprisonment).

   [ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

   [ ] The conditions of the "special term" of supervision are as follows:

[X]  The defendant's previously imposed conditions of mandatory, standard, and special supervised release for four (4) years are unchanged.

[ ]  The defendant's previously imposed conditions of supervised release are modified as follows:

B. [ ] **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C. [ ] **DENIED** after complete review of the motion on the merits.

D. [X] **FACTORS CONSIDERED (Optional)**

   (1) The court notes that, in its order on defendant's first motion for compassionate release, it concluded that the "government waived its objection to the failure to exhaust administrative remedies." See Dkt. 598 at 3.  The court then considered defendant's motion on the merits.

   The government now re-raises the argument that defendant did not exhaust his administrative remedies before filing this motion. Dkt. 608 at 5-7.  However, having already found that the government had waived its objection as to the first motion, and having expressly permitted defendant to file a second motion on certain limited grounds, the court does not find that an exhaustion requirement was re-imposed on defendant between his first and second motions.  Accordingly, the court will proceed to the merits of defendant's second represented motion for compassionate release sentence modification.

   (2) The court further notes that defendant's motion primarily seeks home confinement. The court has previously observed that it has no authority to designate the place of confinement. See Dkt. 598 at 4 (citing *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).

   However, as a prerequisite to seeking home confinement as a condition of release, defendant also expressly seeks "immediate release from custody." See Dkt. 602 at 1, 3, 7.  Thus, without reaching the issue of defendant's place of confinement, the court

may address the threshold issue of whether defendant has established a basis for the reduction of his sentence under 18 U.S.C. § 3582.

(3) **Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)**

In its order denying defendant's first motion for compassionate release, the court noted that defendant was being treated for his shoulder and upper chest pain with medications, but that a potential respiratory illness had not yet been fully assessed. Dkt. 598 at 4. The court stated that "[i]f a respiratory illness were identified as the source of defendant's chest pains and shortness of breath, such a medical condition may support an extraordinary and compelling reason to warrant compassionate release, but the medical diagnosis is speculative at this juncture." Id.

The court then explained that, "because the BOP prison medical staff has recommended an MRI procedure, which is awaiting authorization, defendant has not demonstrated that he suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within a correctional environment, from which he is not expected to recover, to demonstrate extraordinary and compelling reasons to warrant compassionate release." Dkt. 598 at 4.

However, the court then made clear that, if "upon further investigation the parties determine that the BOP denies authorization for an MRI of the chest or denies further treatment for defendant's respiratory symptoms," defendant would be permitted to file a second motion for compassionate release "on the sole ground that the concerns about a potential respiratory illness identified by BOP prison medical staff has been left undiagnosed and/or untreated, in combination with a showing of a heightened risk of contracting COVID-19 and suffering severe complications while incarcerated." Dkt. 598 at 4.

Defendant's second motion argues that, not only has he not received a second MRI to diagnose his respiratory illness, he was also diagnosed with COVID-19 on March 1, 2021. Dkt. 602 at 3. Defendant thus argues that the conditions set forth in the court's prior order are met – his potential respiratory illness was left undiagnosed and/or untreated, and he did indeed contract COVID-19.

In its opposition, the government argues that "there was confusion on defendant Mayfield's part" as to the need for an additional MRI. Dkt. 608 at 3, n.1. The government argues that defendant received two MRIs on the same day, one of his cervical spine and one of his left shoulder, and that "there is no indication in defendant's medical records that there has ever been any recommendation for any additional MRI of defendant's chest to diagnose a respiratory issue." Id. at 3.

The government further argues that, while defendant did contract COVID-19, he "displayed no objective symptoms," instead experiencing only the "subjective" symptoms of body aches, chills, chest pains, and shortness of breath. Dkt. 608 at 5.[1]

With the reply, defendant's counsel submitted a declaration stating that defendant has "regularly submitted requests to prison officials that the chest/lung MRI be conducted," and that he has "regularly and consistently complained to prison officials that he is still experiencing chest pains and breathing problems." Dkt. 615 at 3. Defense counsel's declaration further states that defendant has "attempted to retrieve email correspondence" he exchanged with prison officials regarding these issues, but prison officials "told him that his emails had been erased and he is unable to retrieve them." Id.

Overall, while the court finds there to be a potential factual dispute regarding which MRIs were ordered for defendant, it need not resolve that factual dispute to rule on the present motion. The court's previous order permitted defendant to file a renewed motion if either "the BOP denies authorization for an MRI of the chest or denies further treatment for defendant's respiratory symptoms." Dkt. 598 at 4 (emphasis added). The record indicates that defendant has not received further treatment for his respiratory symptoms, based on the government's own representation that "there is no indication . . . that there has ever been any recommendation for any additional MRI of defendant's chest to diagnose a respiratory issue," and its further representation that there "should be no further concern that some undiagnosed respiratory illness could cause defendant to suffer severe complications from COVID-19." Dkt. 608 at 3, 5. In other words, the government's argument appears to assume what it intends to prove – that defendant does not have a respiratory illness

In the court's previous order, it explained that "[i]f a respiratory illness were identified as the source of defendant's chest pains and shortness of breath, such a medical condition may support an extraordinary and compelling reason to warrant compassionate release," however, the court ultimately concluded that "the medical diagnosis is speculative at this juncture." Dkt. 598 at 4. From the record, it appears that prison officials have not made any progress in identifying "the source of defendant's chest pains and shortness of breath." Instead, the government focuses its argument on the factual dispute over whether a chest MRI was actually ordered, rather than focusing on the substantive issue of whether defendant's symptoms are caused by a respiratory illness.

The court is further concerned by the government's contention that defendant experienced "no objective symptoms" of COVID-19, despite its acknowledgement that defendant reported experiencing "body aches and chills."

Overall, given defendant's ongoing symptoms of chest pains and shortness of breath, combined with the BOP's apparent lack of action in taking steps to diagnose the

---

[1] Along with its opposition, the government filed a motion to seal certain records of defendant, including his medical records. See Dkt. 611. The government's motion to seal is GRANTED.

source of defendant's symptoms, and further combined with the fact that defendant has already contracted COVID-19, the court finds that defendant has demonstrated extraordinary and compelling reasons to warrant compassionate release under section 3582(c)(1)(A)(i).

(4) **Applicable 18 U.S.C. 3553(a) Factors**

☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
 ☐ Mens Rea   ☐ Extreme Conduct   ☐ Dismissed/Uncharged Conduct
 ☐ Role in the Offense   ☐ Victim Impact
 ☐ *Specific considerations:*

☒ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
 ☐ Aberrant Behavior   ☐ Lack of Youthful Guidance
 ☐ Age   ☐ Mental and Emotional Condition
 ☐ Charitable Service/Good Works   ☐ Military Service
 ☐ Community Ties   ☒ Non-Violent Offender
 ☐ Diminished Capacity   ☐ Physical Condition
 ☐ Drug or Alcohol Dependence   ☐ Pre-sentence Rehabilitation
 ☐ Employment Record   ☐ Remorse/Lack of Remorse
 ☒ Family Ties and Responsibilities   ☐ Other: *(Specify)*:
 ☒ Issues with Criminal History: *(Specify)* No criminal convictions prior to the instant offenses.

☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
☐ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
☒ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*: As discussed above, defendant has reported ongoing symptoms of chest pain and shortness of breath that the record indicates have not been adequately treated.
☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
☐ To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6))*
☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

☒ *Specific considerations*:  The court notes that defendant's current release date is October 19, 2021, approximately six months from the date of this order.  Defendant is also scheduled to be transferred to either a halfway house or home confinement in June or July 2021.  The court therefore finds that the goals and purposes of the factors set forth in section 3553(a) would be equally met by the time of imprisonment that defendant has already served. Reducing defendant's sentence would not result in unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and would still reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

The court further notes that the Probation Office filed a response in connection with defendant's first motion for compassionate release, stating that defendant and his wife own a home which would be "suitable for supervision," and that they have five children together and "appear to be a supportive family unit."  Dkt. 604 at 1.

**E.  [ ]  DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: April 6, 2021

*/s/ Phyllis J. Hamilton*
Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE